Donald GLASS, Plaintiff–Appellant,

v.

A.K. SCRIBNER; et al., Defendants–
Appellees.

No. 11–15109.

United States Court of Appeals,
Ninth Circuit.

Submitted July 17, 2012.*

Filed July 20, 2012.

Donald Glass, Delano, CA, pro se.

Jessica Devencenzi, Supervising Deputy
Attorney General, AGCA—Office of the
California Attorney General, Sacramento,
CA, Kenneth T. Roost, Esquire, AGCA—
Office of the California Attorney General,
San Francisco, CA, for Defendants–Appel-
lees.

Before: SCHROEDER, THOMAS, and
SILVERMAN, Circuit Judges.

MEMORANDUM **

California state prisoner Donald Glass
appeals pro se from the district court's
partial summary judgment, and the jury's
verdict, in his 42 U.S.C. § 1983 action
alleging First and Eighth Amendment vio-
lations. We have jurisdiction under 28
U.S.C. § 1291. We review de novo sum-
mary judgment, *Rene v. MGM Grand Ho-
tel, Inc.*, 305 F.3d 1061, 1064 (9th Cir.2002)
(en banc), and for an abuse of discretion
the district court's evidentiary rulings,
*Harper v. City of Los Angeles*, 533 F.3d
1010, 1030 (9th Cir.2008). We affirm.

The district court properly granted sum-
mary judgment on Glass's access-to-courts
claim because Glass failed to raise a genu-
ine dispute of material fact as to whether
defendants caused him actual or cognizable
harm in pursuing an unrelated appeal.
*See Lewis v. Casey*, 518 U.S. 343, 349–52,
116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (for
denial of access, inmate must show actual
injury to valid claim); *Cornett v. Donovan*,
51 F.3d 894, 899 (9th Cir.1995) (right of
access does not extend to beyond the
pleading stage).

The district court did not abuse its dis-
cretion in partially granting Glass's motion
to modify the pretrial order, which ren-
dered moot his request for a later trial
date, or in denying his request to investi-
gate defense counsel's alleged but unsub-
stantiated misconduct. *See Polar Bear
Prods., Inc. v. Timex Corp.*, 384 F.3d 700,
719 (9th Cir.2004) (affirming denial of mo-
tion to amend pretrial order and noting
district court's broad discretion in super-
vising pre-trial phase of litigation).

The district court did not abuse its dis-
cretion in failing to rule on Glass's untime-
ly motions in limine—received after the
verdict—or in granting his request to ex-
clude his criminal history other than for
impeachment purposes because Glass did
not show that the evidence he sought to
exclude was introduced at trial or tainted
the verdict. *See* Fed.R.Evid. 609 (allowing
impeachment based on witness's prior felo-
ny conviction); *Harper*, 533 F.3d at 1030

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

(to be reversible, evidentiary ruling must be both an abuse of discretion and prejudicial).

Glass waived any issues concerning the district court's denial of his request for a teleprompter, and alleged misconduct by prison guards (who are not parties to this suit) in serving Glass's motion to subpoena incarcerated witnesses, because he did not raise the first issue before the district court and does not explain how he was prejudiced with respect to either. *See Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999) (no new issues on appeal); *Am. Int'l Enters., Inc. v. FDIC,* 3 F.3d 1263, 1266 n. 5 (9th Cir.1993) (issues unsupported by argument are waived).

Glass waived his challenge to the verdict based on alleged juror misconduct because he conceded that there did not appear to be any misconduct when the district court raised the issue with the parties. *See Reynoso v. Giurbino,* 462 F.3d 1099, 1110 (9th Cir.2006) (party is bound by its concession to the district court).

Issues not expressly raised—including regarding dismissal of, or summary judgment on, Glass's retaliation, excessive force, and failure to protect claims—are deemed waived. *See Cook v. Schriro,* 538 F.3d 1000, 1014 n. 5 (9th Cir.2008).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.